HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARVIX INTERNATIONAL, LTD., a Marshall Islands corporation,<br><br>        Plaintiff,<br>v.<br><br>VICTRON ENERGY, B.V., a Netherlands corporation,<br><br>        Defendant. | Case No.:  2:22-cv-00890-JHC<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: FRIDAY, SEPTEMBER 9, 2022 |

Defendant Victron Energy, B.V. ("**Victron**" or "**Defendant**") respectfully submits this Motion to Dismiss the claims asserted by Plaintiff Sarvix International, LTD, ("**Plaintiff**") for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1), (2), and (6).

## PRELIMINARY STATEMENT

Plaintiff has filed this action under the Anti-Cybersquatting Consumer Protection Act of 1999 (15 U.S.C. § 1125(d)) (the "**ACPA**") to seek de novo review of an arbitration decision entered by the World Intellectual Property Organization ("**WIPO**"). Plaintiff's claims must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) for several reasons,

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 1
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

including specifically that: (a) Plaintiff was neither a party to the WIPO proceeding nor is the registrant of the domain name that was at issue in that proceeding, and thus lacks constitutional and statutory standing; (b) Plaintiff cannot establish personal jurisdiction over Defendant; and (c) a search of government records reveals that Plaintiff does not exist as a legal entity and thus lacks capacity to sue. Defendant therefore requests that this Court grant this Motion to Dismiss.

## BACKGROUND

Defendant owns numerous trademarks, including the mark "Victron" which it registered with the USPTO on January 24, 2017 (VICTRON, Registration No. 5126185). In early 2020, Defendant learned that someone had taken control of the domain name "Victron.com" (the "**Domain Name**") and thereafter hid their identity using the anonymizing service, Anonymize, Inc. Rather than using the Domain Name, this unidentified person sought to sell the Domain Name for a significant profit. To protect its interests in its registered marks, Defendant instituted an arbitration proceeding with WIPO against Anonymize, Inc., in accordance with the Uniform Domain-Name Dispute-Resolution Policy ("**UDRP**"), to challenge what appeared to be an improper and bad faith registration and use of the Domain Name (the "**WIPO Action**"). (*See* Declaration of Adam M. Winokur ("**Winokur Decl.**"), Ex. 1 (WIPO Compl.) § B, p.5.)

As a condition of bringing an action before WIPO, Defendant was required to, and did, consent to personal jurisdiction as follows:

> In accordance with Paragraph 3(b)(xii) of the [WIPO domain name dispute rules], [Victron] will submit, with respect to any challenges that may be made **by the Respondent** to a decision by the Administrative Panel to transfer or cancel the domain name(s) that is/are the subject of this Complaint, to the jurisdiction of the courts

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 2
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1         at the location of the principal office of the concerned registrar.

2 (Winokur Decl., Ex. 1 (WIPO Compl.) § 9, p.16 (emphasis added).)

        Upon receipt of Defendant's complaint in the WIPO Action, Anonymize, Inc. contacted the Domain Name registrant, who then filed a response in the WIPO Action that unambiguously identified itself as "Sarvix, Inc.," apparently a different entity from Sarvix International, LTD., the Plaintiff here. (*See* Winokur Decl., Ex. 2 (Resp. to WIPO Compl.) § II, p.1-2.)

        Defendant ultimately prevailed in the WIPO Action, with a majority of the WIPO panel agreeing that the Respondent to the WIPO Action ("Sarvix, Inc.") had no legitimate interests in the Domain Name and thus had registered and used the Domain Name in bad faith (the "**WIPO Decision**"). (Winokur Decl., Ex. 3 (WIPO Decision).) The WIPO panel ordered that the Domain Name be transferred to Defendant unless a lawsuit were filed challenging the decision. (*Id.* at 8.)

## ARGUMENT

### 1. Plaintiff Lacks Constitutional Standing.

"It is an absolute prerequisite to federal subject-matter jurisdiction that the plaintiff before the court have constitutional standing." *Campbell v. Jilik,* No. C09-1305, 2010 WL 2605239, at *2 (W.D. Wash. June 25, 2010); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (standing is a "core component" of a case or controversy). A plaintiff seeking to invoke federal jurisdiction bears the burden of establishing all three elements of constitutional standing, which are: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) "fairly traceable to the challenged action of the defendant," and (3) "likely" to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61. Plaintiff here cannot meet its burden because the pleading before the Court establishes that Plaintiff has no injury in fact.

A challenge to constitutional standing under Rule 12(b)(1) may be facial or factual. *White*

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 3
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

*v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where, as here, the challenge is facial—meaning it is confined to the allegations in the complaint—the court must assume those allegations to be true and draw all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). That said, the court is not always confined to the allegations expressly stated in the complaint, as it may also consider the contents of documents appended thereto or incorporated by reference. *Firs Home Owners Ass'n v. City of SeaTac*, No. C19-1130RSL, 2020 WL 1330687, at *1 (W.D. Wash. Mar. 23, 2020) (citing *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003)). Where the contents of such documents conflict with the allegations in the complaint, the court may disregard the complaint's allegations in favor of the attached or incorporated documents. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

Here, Plaintiff's claims are based entirely on the WIPO Acton and the WIPO Decision. Indeed, Plaintiff has filed this action to challenge the WIPO Decision and to obtain a judicial declaration that "Plaintiff's registration and/or use of VICTRON.com is not, and has not been in violation of the ACPA . . . ." (Compl., ¶ 4, ECF No. 1, June 23, 2022.) Plaintiff also seeks injunctive relief against Defendant for its alleged bad faith in bringing the WIPO Action. (*Id.,* ¶ 53.) As such, to establish that it has a justiciable injury-in-fact, Plaintiff must be the registrant of the Domain Name that was subject to the WIPO Decision (and, consequently, this action). While Plaintiff alleges that it is the registrant of the Domain Name (*id.,* ¶ 3), the pleadings and decision in the WIPO Action, which are incorporated by reference into the Complaint,[1] reveal otherwise.

---

[1] Documents are properly incorporated by reference where, as here, they are central to the plaintiff's claims and/or referenced extensively in the complaint. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018)*; Knievel v. ESPN*, 393 F.3d 1068, 1070 (9th Cir. 2005); *see also Ritchie*, 342 F.3d at 908. To the extent the Court disagrees, it still can consider the pleadings and decision in the WIPO Action as a factual challenge to constitutional standing under Rule 12(b)(1), and in doing so will not covert this motion to a motion for summary judgment. *J.T. v. Regence BlueShield*, 291 F.R.D. 601, 607 (W.D. Wash. 2013). Furthermore, the Court "can take judicial notice of the undisputed facts that the [WIPO Decision was] issued and that the findings therein were the findings of … WIPO." *Compana, LLC v. Aetna, Inc.,* No. C05-0277RSL, 2006 WL 1319456, at *3 (W.D. Wash. May 12, 2006).

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 4
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

The registrant of the Domain Name, as was identified in the WIPO Action by the relevant domain name registrar (Epik.com), is Sarvix, Inc. and not Plaintiff Sarvix International, LTD. (Winokur Decl., Ex. 2 (Resp. to WIPO Compl.) § II, p.1-2.) Sarvix, Inc. also was the respondent to the WIPO Action and thus is the entity bound by the WIPO Decision. (*See* Winokur Decl., Ex. 2 (Resp. to WIPO Compl.), Ex. 3 (WIPO Decision).) Sarvix, Inc. therefore is the only entity that can claim an injury in fact under ACPA due to the WIPO Action and Decision. Accordingly, Plaintiff does not have constitutional standing in this action, and this Court therefore should dismiss this matter for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### 2. Plaintiff Has Not Established Personal Jurisdiction over Defendant.

Dismissal is appropriate if a federal court has no personal jurisdiction over the defendant. *Zenith Radio Corp. v Hazeltine Research*, 395 U.S. 100 (1969). For a federal court to exercise personal jurisdiction, "there must be an applicable rule or statute which potentially confers jurisdiction over the defendants, *and* assertion of such jurisdiction must be consistent with constitutional principles of due process." *Vernon Johnson Fam. Ltd. P'ship v. Bank One Texas, N.A.*, 80 F. Supp. 2d 1127, 1130 (W.D. Wash. 2000) (emphasis in original). In ruling upon a challenge to personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of proof. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In resolving the motion, the Court may consider affidavits, declarations, and other evidence outside of the pleadings. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017).

Here, Plaintiff alleges that this Court has personal jurisdiction over Defendant because Defendant allegedly consented to jurisdiction in its WIPO Complaint. However, the WIPO Complaint makes clear that Defendant has only consented to jurisdiction "with respect to any

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 5
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

challenges that may be made **by the Respondent**" to the WIPO Action. (Winokur Decl., Ex. 1 (WIPO Compl.) §9, p.16 (emphasis added).) As discussed above, the respondent in the WIPO Action was Sarvix, Inc. and <u>not</u> Plaintiff. Defendant did not and has not consented to jurisdiction for other purposes or for actions brought by any other parties. Accordingly, the sole basis for Plaintiff's assertion that this Court has personal jurisdiction over Defendant necessarily fails. Since Plaintiff has not alleged any other basis to hale Defendant into this Court, this matter should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

### 3. Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted under Rule 12(b)(6) for lack of Statutory Standing and Capacity to Sue.

#### a. Standards Applicable to Rule 12(b)(6) Motions.

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim. A complaint may be deemed deficient under Rule 12(b)(6) for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion under Rule 12(b)(6), the Court must assume the truth of the allegations set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Yet, a court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

#### b. Plaintiff Does Not Have Statutory Standing.

Unlike a dismissal for lack of constitutional standing, a dismissal for lack of statutory standing is properly granted under Rule 12(b)(6). *Vaughn v. Bay Env't Mgmt., Inc.,* 567 F.3d

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 6
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1021, 1024 (9th Cir. 2009). To determine whether a plaintiff has statutory standing, a court must examine whether the plaintiff's interests fall within the "zone of interests" protected by the law involved. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). The breadth of the zone of interests varies according to the provisions of law at issue. *Id.* at 130.

Plaintiff brings its claims in this action under the ACPA. The ACPA, however, does not afford any cause of action to Plaintiff because it has no standing to sue under the ACPA. Section 1114(2)(D)(iv) of the ACPA provides that a "domain name registrant" may recover damages, costs, attorney's fees, and injunctive relief. 15 U.S.C. 1114(2)(D)(iv). Section 1114(2)(D)(v) further provides that a "domain name registrant whose domain name has been suspended, disabled, or transferred . . . may . . . file a civil action[.]" 15 U.S.C. 1114(2)(D)(v). In other words: only a "domain name registrant" has standing to file a civil action under the ACPA. As discussed above, the pleadings and decision in the WIPO Action clearly show that Plaintiff is not the registrant of the Domain Name (*see supra* at 5:1-8), despite its allegations to the contrary.[2]

Since Plaintiff has no standing to sue under sections 1114(2)(D)(iv) or (v) of the ACPA, this action should be dismissed under Rule 12(b)(6) for lack of statutory standing.

      c.  <u>Plaintiff Lacks the Capacity to Sue.</u>

Whether a party has the capacity to sue or be sued is a legal question that may be decided upon a Rule 12(b)(6) motion. *Chester v. Univ. of Washington*, No. C11-5937 BHS, 2012 WL 3599351, at *2 (W.D. Wash. Aug. 21, 2012) ("Where the complaint reveals on its face that defendant lacks the capacity to be sued, a Rule 12(b)(6) motion will lie."); *see also Farina*

---

[2] The Court may properly consider the pleadings and decision in the WIPO Action when ruling upon a Rule 12(b)(6) motion because the materials are central to Plaintiff's claims, extensively referenced in the Complaint, or are matters of which the Court can take judicial notice. *See Khoja,* 899 F.3d at 1002; *Knievel*, 393 F.3d at 1070; *Firs Home Owners Ass'n*, 2020 WL 1330687, at *1; *Compana,* 2006 WL 1319456, at *3. In considering such materials, the Court may disregard any contradictory allegations in the Complaint. *Durning,* 815 F.2d at 1267.

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 7
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

*Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*, No. 15-CV-02286-JCS, 2015 WL 4932640, at *5 (N.D. Cal. Aug. 18, 2015) (citing cases). In determining whether a corporation has the capacity to sue or be sued, courts apply the law under which the corporation is organized. F.R.C.P., Rule 17(b)(2); *Focaccia & Cucina Italiana*, 2015 WL 4932640, at *5.

Here, Plaintiff identifies itself in its Complaint as a Marshall Islands Corporation. (Pl.'s Compl., ¶ 5, ECF No. 1, June 23, 2022.) However, exhaustive searches of the Republic of the Marshall Islands entity registry reveal no entity of any type (*i.e.,* corporation, LLC, LP, or Partnership) organized thereunder whose name contains "Sarvix". (*See* Declaration of Mort Brinchmann ("**Brinchmann Decl**."), ¶5.)[3] A comprehensive search from Westlaw also reveals no company anywhere whose name includes "Sarvix." (*See* Declaration of Justo G. González ("**González Decl.**"), ¶4.) Finally, despite claiming in its Complaint that Plaintiff's principal place of business is in Los Angeles, California, the California Secretary of State can identify no entities, foreign or domestic, whose names contain "Sarvix". (*See* Brinchmann Decl., ¶ 4) It thus appears that Plaintiff does not exist as a legal corporate entity. As such, it has no capacity to sue in this Court and the Complaint should be dismissed under Rule 12(b)(6). *Accord B-K Lighting, Inc. v. Vision3 Lighting*, No. CV0602825MMMPLAX, 2006 WL 8421831, at *3 (C.D. Cal. Nov. 14, 2006) (dismissing complaint under Rule 12(b)(6) where defendant "Vision3" was a fictitious business name and therefore not a legal business entity with the capacity to sue or be sued).

**4.    Jurisdictional Discovery**

If the Court declines to grant this Motion because of insufficient evidence, Defendant

---

[3] The records pulled from Defendant's corporate entity searches are materials of which this Court can take judicial notice in considering a Rule 12(b)(6) motion, as the searches are conducted of online databases of governmental records and thus can be easily replicated and verified. Fed. R. Ev. 201(d) (judicial notice is appropriate if the matter is "not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Metro. Creditors' Tr. v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) ("Facts contained in public records are considered appropriate subjects of judicial notice.")

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 8
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

requests that the Court grant limited jurisdictional discovery. Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Should the Court believe questions persist on jurisdiction, the answer to which would definitively establish or defeat jurisdiction, then Defendant respectfully requests that the Court provide an opportunity for limited jurisdictional discovery.

Finally, if the Court is unwilling to grant this Motion or limited jurisdictional discovery, Defendant requests in the alternative that any basis of this Motion which would be denied for lack of supporting evidence be instead converted into a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Plaintiff's Complaint be dismissed with prejudice.

DATED this 17th day of August, 2022.

STOKES LAWRENCE, P.S.

By: */s/ Justo G. Gonzalez*
Justo G. González (WSBA #39127)
E-mail: jgg@stokeslaw.com

By: */s/ Shannon M. Jost*
Shannon M. Jost (WSBA #32511)
E-mail: Shannon.Jost@stokeslaw.com

By: */s/ McKenzi A. Hoover*
McKenzi A. Hoover (WSBA #58635)
E-mail: McKenzi.Hoover@stokeslaw.com
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 9
62256-001 \ 103224141

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1 | and

2 | JOHNSON & JOHNSON LLP

3

4 | By: */s/ Douglas L. Johnson*
Douglas L. Johnson (*pro hac vice*)
E-mail: djohnson@jjllplaw.com

5

6 | By: */s/ Adam M. Winokur*
Adam M. Winokur (*pro hac vice*)
7 | E-mail: awinokur@jjllplaw.com
439 N. Canon Drive, Suite 200
8 | Beverly Hills, CA 90210
Telephone: (310) 975-1080

9

Attorneys for Defendant Victron Energy, B.V.

DEFENDANT'S MOTION TO DISMISS COMPLAINT - 10
62256-001 \ 103224141

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000