The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS KOORN, dba SARVIX INTERNATIONAL, LTD., and dba SARVIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICTRON ENERGY, B.V., a Netherlands corporation, <br><br> Defendant. | Case No. 2:22-cv-00890-JHC <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT VICTRON ENERGY, B.V.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> NOTE ON MOTION CALENDAR: Friday, October 14, 2022 <br><br> ORAL ARGUMENT REQUESTED |

RESPONSE TO MOTION TO DISMISS—1
[2:22-cv-00890-JHC]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**INTRODUCTION**

Defendant Victron Energy, B.V. seeks dismissal of this action under a range of legal theories, most of which arise from its contention that it was commenced by the wrong plaintiff. (Def.'s Motion to Dismiss First Amended Complaint ("Motion") (Dkt. # 23).) Specifically, Defendant Victron argues that because the initial complaint filed in this action was brought by the wrong plaintiff (1) the Court lacks subject-matter jurisdiction, (2) Defendant is not subject to personal jurisdiction, and (3) the complaint fails to state a claim for relief. But when Defendant raised these same objections in response to the initial complaint in this matter in an earlier motion to dismiss, Plaintiff timely responded by filing his First Amended Complaint ("FAC") in which he joined this action by substituting himself as the named Plaintiff and expressly ratifying the initial complaint. (Dkt. # 21) Plaintiff's current Motion rehashes the same arguments, seeking dismissal on the grounds that the wrong plaintiff was named.

But under Rule 17(a)(3), the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Then, after the real party in interest in joined, "the action proceeds as it had been originally commenced by the real party in interest." *Id.* Here, Plaintiff Dennis Koorn initially filed this action under the name Sarvix International Ltd. and in response to Defendant's objections, filed his FAC, naming himself as the plaintiff and expressly joining this action as the real party in interest. Accordingly, Koorn has complied with Rule 17(a)(3), and this action should proceed as if it had been originally commenced by Koorn, rendering Defendant's arguments about the plaintiff's identity moot.

Defendant's other argument, raised solely in a footnote, is that under Washington law, Plaintiff was required to register with the State of Washington in order to bring suit. But this state-law requirement explicitly applies only to those engaged in business in Washington and only applies to actions brought in Washington State courts. They do not apply to Plaintiff or to this federal district court. Defendant's Motion should be denied, and this case should proceed as though initially commenced in Plaintiff Koorn's name.

RESPONSE TO MOTION TO DISMISS—2
[2:22-cv-00890-JHC]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**FACTUAL BACKGROUND**

This action was commenced on June 23, 2022, by Plaintiff, the registrant of the domain name <victron.com> ("Domain Name"). (*See* Complaint for Declaratory Judgment ("Initial Complaint") (Dkt. # 1).) The Initial Complaint was filed following the outcome of an arbitration proceeding commenced by Defendant Victron with the World Intellectual Property Organization ("WIPO") under the Uniform Domain Name Dispute Resolution Policy ("UDRP") against the registrant of the Domain Name in which Defendant alleged that the registration and use of the Domain Name infringed its trademark. (See *id.* ¶ 27.) The Initial Complaint sought substantive relief in the form of a declaration under 15 U.S.C. § 1114(2)(D)(v) that, as the registrant of the Domain Name, Plaintiff's registration and use of the Domain Name did not infringe Defendant's rights in violation of the federal Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). (*See, e.g.*, Initial Complaint ¶¶ 52, 65, 74–75, 81.) Plaintiff filed the Initial Complaint under the name Sarvix International, Ltd. (*Id.*)

On August 17, 2022, Defendant moved to dismiss the Initial Complaint on the grounds that it was brought by the wrong plaintiff. (Defs.' Mot. to Dismiss Compl. ("Initial Motion") (Dkt. # 15).) Defendant's Initial Motion argued that by incorrectly bringing the action on behalf of Sarvix International , Ltd.: (1) the plaintiff lacked standing because it wasn't the registrant of the Domain Name, (2) the plaintiff could not establish personal jurisdiction over Defendant because plaintiff only consented to jurisdiction in this Court with respect to challenges by the Respondent in the WIP Action, and (3) the plaintiff didn't exist as a legal entity and therefore lacked capacity to sue. (*See id.* At 1–2.)

On September 6, 2022, within the time provided to respond to the Initial Motion, Plaintiff responded to the objections raised in Defendant's Initial Motion by filing the FAC. Plaintiff's FAC substituted himself personally as the named Plaintiff and alleged that he had done business as both "Sarvix International, Ltd." and "Sarvix, Inc." (*See* FAC ¶ 5.) The FAC further alleged that Plaintiff Koorn is the registrant of the Domain Name (*id.* ¶¶ 3, 13) and that as the registrant, Defendant's UDRP complaint was filed against him as the registrant. (*Id.* ¶ 27.) Further, the FAC alleged that upon the filing of Defendant's UDRP Complaint, his Domain Name was

RESPONSE TO MOTION TO DISMISS—3
[2:22-cv-00890-JHC]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

disabled, suspended, and "locked" by the registrar in accordance with UDRP and associated procedures. (*Id.* ¶ 28.) Plaintiff's FAC also expressly addressed Defendant's objections as to the named Plaintiff's identity, confirming that as the real party in interest, he ratified, joined, and substituted into this action, which had been commenced under the name of Sarvix International, Ltd. in the Initial Complaint. (*Id.* ¶ 50.)

On September 9, 2022, following the timely filing of the FAC, the Court entered an order striking Defendant's initial motion to dismiss as moot. (Dkt. # 22.)

## DISCUSSION

**A.   Under Rule 17(a)(3), following the substitution of Koorn as the real party in interest in the FAC, this action proceeds as though he had initially filed it under his own name.**

Defendant Victron seeks dismissal on the grounds that the initial complaint in this action was brought under the wrong party's name. But under Rule 17(a)(3), the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Then, "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

Here, Defendant's response to the initial complaint was to seek dismissal on the grounds that the named plaintiff, Sarvix, Inc., was not the correct plaintiff. (See, generally, Initial Motion (Dkt. # 15).) Then, within the time provided for Plaintiff's response to the Initial Motion to Dismiss, Plaintiff filed his FAC, addressing the objection by express "ratification, joinder, [and] substitution" as provided under Rule 17(a)(3). (FAC ¶ 50.)

Additionally, as the registrant of the Domain Name, Koorn is indisputably the real party in interest. Although Rule 17 does not define "real party in interest," its purpose is to allow federal courts to entertain "a suit at the instance of any party to whom the relevant substantive law grants a cause of action." *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). Here, the cause of action provided by substantive law is that granted under the ACPA, which provides to a "domain name registrant whose domain name has been suspended, disabled, or transferred" under a UDRP procedure the right to, "upon notice to the mark owner, file a civil

RESPONSE TO MOTION TO DISMISS—4
[2:22-cv-00890-JHC]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

action to establish that" the registrant's registration or use of the domain name is not unlawful under the ACPA. 15 U.S.C. § 1114(2)(D)(v). Under Section 1114(2)(D)(v), the ACPA protects "domain name registrants against 'overreaching trademark owners' who 'reverse hijack' a domain name from a registrant where the registrant's actions were lawful." *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936, 959 (D. Nev. 2010). This substantive federal law is expressly the basis for the causes of action asserted by Plaintiff in this action, in both the Initial Complaint and the FAC. (*See* Initial Complaint ¶¶ 7, 43, 52, 53, 65, 74 75, 81; FAC ¶¶ 7, 43, 53, 54, 75, 82 (all citing 15 U.S.C. § 1114(2)(D)(v).)

Finally, following Defendant's objection, Koorn expressly ratified this action, joined it, and substituted himself in as the plaintiff. (*See* FAC ¶ 50.) Thus, Koorn—as the registrant of the Domain Name—is the real party in interest and following his joinder as the real party in interest, this action proceeds as if it had initially been filed in his name under Rule 17(a)(3).

**B.   Plaintiff has capacity to bring this action—registration with Washington State is only required for those conducting business in the state and only applies to state courts.**

Defendant Victron also argues, albeit only in a footnote, that Plaintiff also lacks capacity to bring this action for failure to register with the Washington Department of Revenue. (*See* Mot. at 12, n. 7.) But the authority it cites does not support this contention. Washington's assumed-name statute, RCW § 19.80.040 provides that, "No person or persons carrying on, conducting, or transacting business under any trade name shall be entitled to maintain any suit in any of the courts of this state until such person or persons have properly completed the registration as provided for in RCW 19.80.010." This requirement doesn't apply to Plaintiff's claims against Defendant for at least two reasons.

First, the assumed-name statute expressly only applies to those engaged in business under a trade name in Washington. Here, there is no basis to conclude that Plaintiff is or has engaged in business in Washington. The only connections between Plaintiff and Washington are that he registered the Domain Name with a domain-name registrar located in Bellevue, Washington (*see* FAC ¶ 9) and that he filed this action in this Court. But merely obtaining services from a Washington-based company does not constitute engaging in business in the state, if it did, then

RESPONSE TO MOTION TO DISMISS—5
[2:22-cv-00890-JHC]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

the tens or hundreds of millions of businesses which obtain services from Washington-based Amazon.com, Inc. or Microsoft Corp. would be required to register with the State of Washington. Such a result would be absurd and therefore to be avoided when construing the assumed-name statute. *See TBF Fin., LLC v. Stay in Home Mortg., Inc.*, 186 Wash. App. 1008 (2015) (rejecting interpretation of RCW § 19.80.040 which would "yield unlikely, absurd or strained consequences") (*citing Kilian v. Atkinson*, 147 Wash. 2d 16, 21 (2002)). Nor does filing an action in Washington constitute doing business in the state. *Singmaster v. Hall*, 98 Wash. 134, 136 (1917).

Second, the restriction provided under RCW § 19.80.040 expressly only applies to "the courts of this state." This action was not filed in a Washington state court and does not seek relief under Washington law. It is a federal action filed in a federal court seeking relief under substantive federal law and there is no legal basis upon which access to this Court could be conditioned on compliance with a state-law registration requirement.

## CONCLUSION

Plaintiff Dennis Koorn is the registrant of the domain name at issue. He filed the initial complaint under a DBA seeking relief under a federal statute that provides a cause of action for domain-name registrants. Then, in response to a motion to dismiss by Defendant Victron objecting to the plaintiff's identity, Koorn timely filed an amended complaint substituting himself as the named plaintiff and ratifying the initial complaint. Under Rule 17(a)(3), this action cannot be dismissed, but must proceed as though initially filed by Koorn, the real party in interest. Accordingly, Defendant's grounds for dismissal on the basis that the incorrect plaintiff was originally named are insufficient. Similarly, there is no legal basis for Defendant's argument that Plaintiff was required to register with the Washington Department of revenue as a prerequisite for bringing this federal-court action authorized under federal law. Plaintiff Koorn respectfully requests that the Court deny Defendant's motion to dismiss.

RESPONSE TO MOTION TO DISMISS—6
[2:22-cv-00890-JHC]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

| | | |
|---|---|---|
| 1 | Dated: October 11, 2022 | Respectfully submitted, |
| 2 | | NEWMAN DU WORS LLP |
| 3 | | |
| 4 | | s/ Derek Linke |
| | | Derek Linke, WSBA No. 38314 |
| 5 | | *linke@newmanlaw.com* |
| | | 2101 Fourth Avenue, Suite 1500 |
| 6 | | Seattle, WA 98121 |
| | | Telephone:   (206) 274-2800 |
| 7 | | Facsimile:    (206) 274-2801 |
| 8 | | |
| | | s/ Howard Neu |
| 9 | | Howard Neu, Esq. (admitted *pro hac vice*) |
| | | *howard@neulaw.com* |
| 10 | | LAW OFFICE OF HOWARD NEU, P.A. |
| | | 4839 S.W. Volunteer Road, Suite 512 |
| 11 | | Southwest Ranches, FL 33330 |
| 12 | | Telephone:    954-662-1816 |
| | | Facsimile:     954-337-2324 |
| 13 | | |
| 14 | | Counsel for Plaintiff |
| | | Dennis Koorn |

RESPONSE TO MOTION TO DISMISS—7
[2:22-cv-00890-JHC]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800