HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENNIS KOORN, dba SARVIX
INTERNATIONAL, LTD., and dba
SARVIX, INC.,

                    Plaintiff,

      v.

VICTRON ENERGY, B.V., a
Netherlands Limited Liability Company,

          Defendant.

Case No.:  2:22-cv-00890-JHC

DEFENDANT VICTRON ENERGY,
B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

ORAL ARGUMENT REQUESTED

NOTE ON MOTION CALENDAR:
OCTOBER 14, 2022

## **INTRODUCTION**

Plaintiff's Opposition to Defendant's Motion to Dismiss the First Amended Complaint

("**MTD FAC**") is not on point. Plaintiff spends most of the opposition arguing that Federal Rules

of Civil Procedure ("**FRCP**"), Rule 17(a)(3) allows him to join the real party in interest and that

it instructs the Court not to dismiss an action for failure to prosecute in the name of the real party

in interest until a reasonable time has been allowed for the real party in interest to join the action.

Plaintiff's arguments are strawmen, however, because the prior complaint and the documents

incorporated therein clearly establish that Dennis Koorn (the newly substituted plaintiff) is not

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT - 1
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

the real party in interest in this action. Thus, Plaintiff's FAC did not correct the defects raised in Defendant's motion to dismiss the initial complaint ("**MTD-IC**").

Moreover, Plaintiff's opposition to the MTD FAC wholly ignores and does not address Defendant's arguments that (1) Plaintiff's FAC is a sham pleading; (2) Plaintiff was not a party to the World Intellectual Property Organization arbitration action (the "**WIPO Action**") and thus lacks statutory standing; and (3) Plaintiff cannot establish personal jurisdiction over the Defendant. Plaintiff thus concedes the merits of these arguments and thereby establishes that Defendant's MTD FAC should be granted.

## THE PLEADINGS ESTABLISH THAT KOORN IS NOT THE REAL PARTY IN INTEREST

Plaintiff devotes its opposition to Defendant's MTD FAC to convincing the Court that it simply misidentified the real party interest in its initial pleading and that the FAC now identifies the proper plaintiff in this action. Plaintiff's arguments are misguided and wrong.

As set forth in the MTD FAC, Plaintiff's initial complaint and the FAC (including those documents incorporated by reference) *contradictorily* assert that Sarvix, Inc., Sarvix International, LTD, and Dennis Koorn are each individually the registrants of the domain for Victron.com (the "**Domain Name**"). In particular, in its initial complaint, Plaintiff expressly averred that Sarvix International, LTD was the registrant of the Domain Name. (Dkt. #1, p 1, lns 18, 28.) Yet, the response filed in the WIPO Action underlying this present case and in the associated award from the arbitrators in the WIPO Action, each of which are incorporated by reference into the initial complaint (as well as the FAC), identifies Sarvix, Inc., as the sole registrant of the Domain Name. (See generally, Dkt. #24, Exh. 2; See also, Dkt. #24, Exh. 3, p1 ("On April 5, 2022, the Registrar transmitted by email to the [WIPO Arbitration and Mediation]

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 2
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Center its verification response confirming that *the Respondent[, Sarvix, Inc.,] is listed as the registrant and providing the contact details.*")) However, Plaintiff now posts in its FAC, *in express contradiction* to the prior pleadings and the documents incorporated therein, that Dennis Koorn is the registrant of the Domain Name. (Dkt. #21, p2, lns 2-3.)

These are express factual contentions, and thus the problem inherent in Plaintiff's initial pleading, as well as the FAC, is not merely the misnaming of the real party in interest. Rather, Plaintiff has made contradictory factual assertions that must be construed against it.

Indeed, it is axiomatic that a plaintiff may not contradict his earlier pleaded factual contentions in an amended complaint or documents incorporated into the FAC by reference. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding."); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We need not accept as true conclusory allegations that are contradicted by documents referred to in the Complaint.").Thus, Plaintiff here cannot solve the problems with its pleading by merely substituting the name of the Plaintiff—because by doing so it is directly contradicting its prior factual contention as to who is the registrant of the Domain Name.

Moreover, the substitution of Dennis Koorn as the plaintiff in this action does not help Plaintiff, because the documents incorporated by reference into the FAC (i.e., the pleadings and award in the WIPO Action) clearly identify Sarvix, Inc. as the sole registrant of the Domain Name. (Dkt. #24, Exhs. 2, 3.) Since Koorn is not the registrant of the Domain Name, he not only is not the real party interest but has suffered no injury and thus lacks constitutional standing to bring the claims asserted in this action. *Lujan v. Defenders of Wildlife*, 504 U.S.555, 560-61

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 3
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  (1992). Accordingly, the FAC does nothing to cure the defects in the initial complaint regarding

2  constitutional standing.

3  **PLAINTIFF'S OPPOSITION DOES NOT ADDRESS DEFENDANT'S ARGUMENTS IN**

4  **ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

5  Plaintiff wholly fails to address multiple arguments from the MTD FAC. By failing to

6  address these arguments, Plaintiff has effectively conceded them. *See, e.g., New Grade Int'l, Inc.*

7  *v. Scott Techs.*, No. C03-2628 RSM, 2004 WL 5571416, at \*5 (W.D. Wash. Nov. 30, 2004), *aff'd*

8  *sub nom. New Grade Int'l Inc. v. Automatic Sprinkler Corp. of Am./Kiddie Fire Fighting (USA)*,

9  205 F. App'x 571 (9th Cir. 2006) ("[B]y failing to argue otherwise, plaintiff has conceded that

10  those elements of the statute are satisfied.")

11  Plaintiff fails entirely to address the argument that the FAC constitutes a sham pleading

12  insofar as it directly contradicts prior pleadings. (Dkt. # 23, p4-5, lns 12-11.) Plaintiff further

13  fails entirely to address Defendant's argument that Plaintiff is perpetuating a fraud on the public.

14  (Dkt. # 23, p5-6, lns 12-20.) Plaintiff further wholly fails to address Defendant's personal

15  jurisdiction argument. (Dkt. # 23, p8-9, lns 16-17.)

16  Plaintiff conflates Defendant's arguments regarding statutory standing with Defendant's

17  arguments regarding constitutional standing, and by doing so fails entirely to address the

18  statutory standing argument. Defendant argued in the MTD FAC that Section 1114(2)(D)(v) of

19  the Anti-Cybersquatting Consumer Protection Act of 1999 ("ACPA") provides only that a

20  "domain name registrant whose domain name has been suspended, disabled, or transferred . . .

21  may . . . file a civil action." (Dkt. #23, p11, lns 3-6.) Plaintiff offers no explanation for the

22  identification of Sarvix, Inc. as the registrant in the WIPO Action, and not Dennis Koorn.

23  Instead, Plaintiff seeks to gloss over this argument by describing the WIPO Action as being

24

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT - 4
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1    "against the registrant of the Domain Name." (Dkt. # 26, p3, lns 6-7.) Plaintiff fails to reveal that

2    the registrant of the Domain Name *was not Dennis Koorn*. As Dennis Koorn was not the

3    Defendant in the WIPO Action and not the registrant of the Domain Name in the WIPO Action,

4    he cannot invoke the ACPA.

5    ### PLAINTIFF INCORRECTLY DISMISSES THE WASHINGTON DBA/ASSUMED-

6    ### NAME STATUTE AS INAPPLICABLE

7            Plaintiff cursorily addresses one of Defendant's capacity arguments insofar as Plaintiff

8    asserts without support that Plaintiff is not subject to the assumed-name statutes in Washington.

9    Defendant's MTD FAC argued in a footnote that, assuming arguendo, even if the Court chooses

10   to accept Plaintiff's sham pleadings, the FAC must still be dismissed for lack of capacity because

11   a dba cannot bring suit in Washington without registering. (Dkt. # 23, p12, fn. 7.) Plaintiff seizes

12   on this and argues that the Washington Law on capacity expressly applies to the Washington

13   State Courts, which is therefore irrelevant to a Federal Court applying substantive federal law.

14   (Dkt. #26, p6, lns 9-13.) Plaintiff, however, ignores Defendant's reference to Federal Rule of

15   Civil Procedure, Rule 17(b), which instructs *Federal Courts* to determine capacity of non-

16   individual and non-corporate parties (such as a non-existent corporation) by referencing the laws

17   of the forum state. (Dkt. # 23, p12, fn. 7.) Thus, Washington Law on capacity is eminently

18   relevant to the Federal Court determining the capacity of Plaintiff who is, arguendo, operating

19   under a fictitious name.

20           Plaintiff additionally makes an argument, again, without support, that the dba/assumed-

21   name statute is inapplicable to Plaintiff because Plaintiff does not "engage in business in

22   Washington." (Dkt. #26, p5, lns 23-25.) However, the statute in question does not limit itself to

23   "engaging" in business; rather, the statute requires all persons "carrying on, conducting, or

24

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT - 5
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

transacting business under any trade name" to register with the State of Washington if they wish to bring suit in Washington. RCW § 19.80.040. "Transacting" is a relatively broad term and implies that anyone participating in transactions in Washington State be required to register as a dba if it wanted to bring suit. This makes perfect sense if the purpose of the law is to protect those being sued by persons or entities anonymously operating under assumed names; any dba engaging in transactions in Washington State would reasonably be required to register so they cannot operate anonymously, and so those haled into the Washington Courts will not be subject to abusive litigation from unidentifiable plaintiffs. Plaintiff characterizes this as a slippery slope that would require "tens or hundreds of millions of businesses which obtain services from Washington-based Amazon.com, Inc., or Microsoft Corp." to register with the State of Washington. (Dkt. #26, p6, lns 1-3.) Of course, Plaintiff neglects to note that only those businesses *operating as a dba* and *bringing suit in Washington* would actually be required to register, and this is presumably a small number and nowhere near the millions about which Plaintiff speculates. Thus, in reality, Plaintiff's parade of horribles has no basis, and applying this law to Plaintiff would not result in absurd consequences.[1] Plaintiff's arguments that this law does not apply here are incorrect.

## CONCLUSION

Plaintiff has failed to address a number of arguments from the MTD FAC (i.e., statutory standing, personal jurisdiction, and sham pleading), and the FAC can be dismissed based on any of these unopposed arguments. Further, Plaintiff impermissibly contradicts express factual

---

[1] Plaintiff also seeks to invoke *TBF Fin, LLC v. Stay in Home Mrtg., Inc.*, (186 Wash. App. 1008 (2015)) as support for the contention that application of this law to Plaintiff would cause absurd results; however the cited case specifically resolved on a finding that the plaintiff did not use a dba/assumed-name, and the Court specifically disclaimed any analysis of whether the plaintiff *transacted* business in the state. *Id.* at *3. ("[W]e need not address the merits of [the defendant's] claim that [the plaintiff] was 'transacting business' in Washington.").

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT - 6
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

contentions made in the initial complaint and in the WIPO Action documents incorporated into

the FAC by reference. After disregarding the contradicting contentions in the FAC, (1) Dennis

Koorn is not the registrant of the Domain Name, and thus lacks constitutional standing,

(2) Dennis Koorn was not a party to the WIPO Action, and thus lacks statutory standing,

(3) Defendant did not consent to personal jurisdiction in any action in Washington State brought

by Dennis Koorn (and no other basis is suggested), and (4) Dennis Koorn lacks capacity to sue in

the Western District of Washington pursuant to FRCP, Rule 17(b) and Revised Codes of

Washington, section 19.80.040.

For any or all of the foregoing reasons, Defendant respectfully requests that the Court

dismiss Plaintiff's Complaint. And because the above-identified issues cannot be cured by

amendment without contradicting the allegations of the initial complaint or the FAC, Defendant

respectfully requests that the Court dismiss the Plaintiff's complaint with prejudice. *McDermott*

*v. Potter*, No. C13-2011-MJP, 2014 WL 4635444, at *4 (W.D. Wash. Sept. 11, 2014), aff'd

(Aug. 10, 2015) *citing United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.2011).


DATED this 14th day of October, 2022.

STOKES LAWRENCE, P.S.


By: */s/ Justo G. González*
Justo G. González (WSBA #39127)
E-mail:  jgg@stokeslaw.com

By: */s/ Shannon M. Jost*
Shannon M. Jost (WSBA #32511)
E-mail:  Shannon.Jost@stokeslaw.com

By: */s/ McKenzi A. Hoover*
McKenzi A. Hoover (WSBA #58635)
E-mail:  McKenzi.Hoover@stokeslaw.com

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT - 7
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone:  (206) 626-6000

and

JOHNSON & JOHNSON LLP

By:  */s/ Douglas L. Johnson*
      Douglas L. Johnson (*pro hac vice*)
      E-mail:  djohnson@jjllplaw.com

By:  */s/ Adam M. Winokur*
      Adam M. Winokur (*pro hac vice*)
      E-mail:  awinokur@jjllplaw.com
      439 N. Canon Drive, Suite 200
      Beverly Hills, CA 90210
      Telephone: (310) 975-1080

Attorneys for Defendant Victron Energy, B.V

DEFENDANT VICTRON ENERGY, B.V.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT - 8
62256-001 \ 103226930

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000